IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DION BROWN'EL PETITIONER
ADC #188391

V. Case No. 4:25-CV-01130-JM-BBM

DEXTER PAYNE RESPONDENT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. INTRODUCTION

On October 29, 2025, Petitioner Dion Brown'el, a prisoner currently incarcerated at the Varner Unit of the Arkansas Division of Correction ("ADC"), filed, *pro se*, a Petition for Writ of Habeas Corpus. (Doc. 1). He filed an Amended Petition on December 17, 2025, alleging that the ADC incorrectly calculated his parole-eligibility date. (Doc. 9 at 5). Because Brown'el has not exhausted the remedies available to him in state court, this Court recommends that his Amended Petition be dismissed without prejudice.

## II. BACKGROUND

After pleading guilty in the Circuit Court of White County, Arkansas, to two counts of possession of firearms by certain persons, one count of discharging a firearm from a vehicle, and two counts of aggravated assault, Brown'el was sentenced on August 11, 2025, to a total of 180 months' imprisonment. (Doc. 26-2, Sentencing Order dated Aug. 11, 2025, Case Nos. 73CR-20-770 & 73CR-23-301, Circuit Court of White County, Ark.). On September 2, 2025, Brown'el filed, *pro se*, a Petition for Post Conviction Relief, and, on October 20, 2025, he filed an Amended Petition for Post Conviction Relief. *State of Arkansas v. Dion Lamont Brown El*, Case No. 73CR-20-770, https://caseinfo.arcourts.gov. The circuit court denied both petitions on December 8, 2025. *Id*.

Brown'el filed a notice of appeal on February 13, 2026, *id*., and, on February 17, 2026, he filed, *pro se*, a Motion for Belated Appeal with the Arkansas Court of Appeals, *Dion Brown-el v. State of Arkansas*, CR-26-104, https://caseinfo.arcourts.gov. The Motion for Belated Appeal is still pending. *Id*. (last visited Sept. 10, 2026). Separately, on May 7, 2026, Brown'el filed a Petition for Declaratory Judgment in the Circuit Court of Jefferson County, Arkansas, challenging the ADC's computation of his sentence. *Dion Brownel v. Dexter Payne*, Case No. 35CV-26-700, https://caseinfo.arcourts.gov. The Petition for Declaratory Judgment is still pending. *Id*. (last visited Sept. 10, 2026).

## III. DISCUSSION

A state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies prior to filing a federal habeas petition. *Murphy v. King*, 652 F.3d 845, 848–49 (8th Cir. 2011) (citing

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); *see* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A habeas "applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts a fair opportunity to review his claims and "provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. A habeas petitioner has the burden to show that all available state remedies have been exhausted, and dismissal without prejudice is appropriate when the petitioner fails to carry that burden. *Carmichael v. White*, 163 F.3d 1044, 1045–46 (8th Cir. 1998).

Here, in his Amended Petition, Brown'el asserts that the ADC miscalculated his sentence and, thus, his parole-eligibility date. (Doc. 9). He makes a substantially similar claim in his state-court declaratory-judgment action. *Brownel v. Payne*, Case No. 35CV-26-700, Circuit Court of Jefferson County, Ark., https://caseinfo.arcourts.gov. Although the State has responded, the circuit court has not ruled on Brown'el's Petition for

Declaratory Judgment. Brown'el also requested a sentence reduction in his Amended Petition for Post Conviction Relief. *State of Arkansas v. Dion Lamont Brown El*, No. 73CR-20-770, https://caseinfo.arcourts.gov. Although Brown'el failed to timely file a notice of appeal from the circuit court's denial of postconviction relief,[1] he sought permission from the Arkansas Court of Appeals for a belated appeal. *Dion Brown-el v. State of Arkansas*, CR-26-104, https://caseinfo.arcourts.gov; *see also* ARK. R. APP. P. CRIM 2(e) (allowing a motion for belated appeal filed within 18 months from the entry of an order denying postconviction relief). The Motion for Belated Appeal is still pending.

This Court must give the state courts an opportunity to resolve these claims. *See O'Sullivan*, 526 U.S. at 845; *see also Long v. Norris*, No. 5:05-CV-00222-JLH, 2005 WL 2757235, *1 (E.D. Ark. Oct. 25, 2005) (dismissing habeas petition where petitioner had time to request a belated appeal of the denial of postconviction relief); *Engram v. Norris*, No. 5:07-CV-00187-SWW-JTR, 2009 WL 2151758, *3 (E.D. Ark. July 17, 2009) (recognizing that state prisoners can challenge sentence computation in a declaratory-judgment action and dismissing habeas petition where petitioner had not requested declaratory relief). Consequently, because Brown'el has failed to exhaust his state-court remedies, his habeas petition should be dismissed without prejudice as premature.[2]

---

[1] Brown'el had 30 days from entry of the circuit court's order denying postconviction relief on December 8, 2025, to file a timely notice of appeal. ARK. R. APP. P. CRIM. 2(a).

[2] Because Petitioner does not present any exhausted claims in his petition, the "stay-and-abeyance" procedure is inapplicable. *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005).

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Amended Petition for Writ of Habeas Corpus, (Doc. 9), be DISMISSED without prejudice.

2. Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, no certificate of appealability should be issued.

DATED this 10th day of September, 2026.

Benecia Moore
UNITED STATES MAGISTRATE JUDGE